...

Slip Op. 13- 140

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HOME MERIDIAN INTERNATIONAL, INC. D/B/A SAMUEL LAWRENCE FURNITURE CO. D/B/A PULASKI FURNITURE CO.,<br><br>Plaintiff,<br><br>GREAT RICH (HK) ENTERPRISES CO., LTD., DONGGUAN LIAOBUSHANGDUN HUADA FURNITURE FACTORY, NANHAI BAIYI WOODWORK CO., LTD., and DALIAN HUAFENG FURNITURE GROUP CO., LTD.,<br><br>Consolidated Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>AMERICAN FURNITURE MANUFACTURERS COMMITTEE FOR LEGAL TRADE and VAUGHAN-BASSETT FURNITURE COMPANY, INC.,<br><br>Defendant-Intervenors. | Before: Jane A. Restani, Judge<br><br>Consol. Court No. 11-00325 |

## OPINION

[Final Results of Redetermination in antidumping review sustained.]

Dated: November 14, 2013

Kristin H. Mowry, Jeffrey S. Grimson, Jill A. Cramer, Rebecca M. Janz, Sarah M. Wyss, and Susan L. Brooks, Mowry & Grimson, PLLC, of Washington, DC, for Plaintiff and Consolidated Plaintiffs Great Rich (HK) Enterprises Co., Ltd. and Dongguan Liaobushangdun Huada Furniture Factory.

Consol. Court No. 11-00325                                                                                          Page 2

   Ned H. Marshak, Bruce M. Mitchell, and Mark E. Pardo, Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP, of New York, NY and Washington, DC, for Consolidated Plaintiff Nanhai Baiyi Woodwork Co., Ltd.

   Lizbeth R. Levinson and Ronald M. Wisla, Kutak Rock LLP, of Washington, DC, for Consolidated Plaintiff Dalian Huafeng Furniture Group Co., Ltd.

   Carrie A. Dunsmore and Stephen C. Tosini, Trial Attorneys, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant.  With them on the brief were Stuart F. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.  Of Counsel on the brief was Justin R. Becker, Attorney, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of Washington, DC.

   J. Michael Taylor, Daniel L. Schneiderman, Joseph W. Dorn, Mark T. Wasden, and Prentiss L. Smith, King & Spalding, LLP, of Washington, DC, for Defendant-Intervenors.

   Restani, Judge:  This matter is before the court following a remand to the Department of Commerce ("Commerce") in Home Meridian International, Inc. v. United States, 922 F. Supp. 2d 1366 (CIT 2013) ("HMI").  The court found that Commerce's application of its surrogate valuation methodology was not supported by substantial evidence in this case.  Id. at 1376–77.  Furthermore, the court found that the use of Insular Rattan and Native Products' ("Insular Rattan") 2009 financial statement was improper.  Id. at 1382.  The court remanded these issues to Commerce, which issued a Final Results of Second Redetermination Pursuant to Court Order, ECF No. 130 ("Remand Results").  For the reasons stated below, Commerce's Remand Results are sustained.

## BACKGROUND

   In HMI, the court addressed two issues.  First, Plaintiff Home Meridian International, Inc. contested the use of surrogate values to value Consolidated Plaintiff Dalian Huafeng Furniture Group Co., Ltd.'s ("Huafeng") factors of production for wood inputs.  See

HMI, 922 F. Supp. 2d at 1370.  The court determined that Commerce did not support by substantial evidence its decision to use surrogate values in the light of reliable evidence regarding Huafeng's market-economy purchases of these inputs.  Id. at 1375–77.  Second, the court held that Commerce did not support by substantial evidence its finding that Insular Rattan's financial statement was acceptable for financial ratio calculations.  Id. at 1382.  The court gave Commerce an opportunity to seek to reopen the record regarding Huafeng's wood inputs.  Id.  Commerce declined to do so.  Otherwise, the court ordered Commerce to 1) use Huafeng's market-economy wood input purchase values to calculate normal value and 2) omit Insular Rattan's financial statement in its financial ratio calculations.  Id.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdictions pursuant to 28 U.S.C. § 1581(c) (2006).  "The court shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law . . . ."  19 U.S.C. § 1516a(b)(1)(B)(i).

## DISCUSSION

I.   Value of Huafeng's Wood Inputs

In its initial determination, Commerce used surrogate values to calculate the normal value of Huafeng's products.  See HMI, 922 F. Supp. 2d at 1370.  Plaintiff argued that the method employed by Commerce for the calculation was not the method required under the relevant statutory provisions.  Id.  The court determined that the statute was written ambiguously such that Commerce could use any reasonable method of valuation it found appropriate, provided that its determination was supported by substantial evidence.  Id. at 1374.  The use of

Commerce's chosen surrogate values in this case was not supported by substantial evidence, and therefore the court ordered that Commerce either seek to reopen the record or use Huafeng's actual market-economy wood input purchases to value the inputs.  Id. at 1382.  In its Remand Results, Commerce used Huafeng's actual market-economy wood input purchases and calculated a margin of 11.79 percent.  Remand Results at 17.  Commerce has complied with the court's order in this respect.

Defendant-Intervenors American Furniture Manufacturers Committee for Legal Trade and Vaughan-Bassett Furniture Company, Inc. ("AFMC") summarily adopt the arguments in their previously denied request for reconsideration in order to preserve them for appeal.  See AFMC's Cmts. Concerning Commerce's Final Results of Second Redetermination Pursuant to Court Order, ECF No. 133, 1–2.  Because AFMC does not attempt to raise any new argument with respect to the Remand Results, the court will not reconsider AFMC's arguments at this juncture.  As no other party challenges this aspect of the Remand Results, the court sustains Commerce's redetermination.

## II.     Insular Rattan's 2009 Financial Statement

Commerce initially used Insular Rattan's 2009 financial statement to calculate surrogate financial ratios.  See HMI, 922 F. Supp. 2d at 1380.  AFMC  previously argued that Commerce used this incomplete financial statement contrary to evidence that called into question its reliability.  Id.  In HMI, the court held that Commerce could not use Insular Rattan's incomplete financial statement.  See id. at 1382.  Commerce complied with this order, and the parties have not contested this aspect of the Remand Results in their comments before the court.

Consol. Court No. 11-00325                                                                                      Page 5

## CONCLUSION

For the foregoing reasons, the court finds that Commerce has complied with the court's order in <u>HMI</u>, and the <u>Remand Results</u> are SUSTAINED.  Judgment will issue accordingly.

                                                                         /s/ Jane A. Restani  
                                                                           Jane A. Restani  
                                                                                Judge

Dated:  November 14, 2013  
        New York, New York