Slip Op. 15-34

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HOME MERIDIAN INTERNATIONAL, INC. D/B/A SAMUEL LAWRENCE FURNITURE CO. D/B/A PULASKI FURNITURE COMPANY,<br><br>Plaintiff,<br><br>GREAT RICH (HK) ENTERPRISES CO., LTD., DONGGUAN LIAOBUSHANGDUN HUADA FURNITURE FACTORY, NANHAI BAIYI WOODWORK CO., LTD., and DALIAN HUAFENG FURNITURE GROUP CO., LTD.,<br><br>Consolidated Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>AMERICAN FURNITURE MANUFACTURERS COMMITTEE FOR LEGAL TRADE and VAUGHAN-BASSETT FURNITURE COMPANY, INC.,<br><br>Defendant-Intervenors. | Before: Jane A. Restani, Judge<br><br>Consol. Court No. 11-00325 |

**OPINION AND ORDER**

[Final Results of Redetermination in antidumping administrative review sustained.]

Dated: April 21, 2015

Kristin H. Mowry, Daniel R. Wilson, Jeffrey S. Grimson, Jill A. Cramer, Rebecca M. Janz, and Sarah M. Wyss, Mowry & Grimson, PLLC, of Washington, DC, for plaintiff and consolidated plaintiffs Great Rich (HK) Enterprises Co., Ltd. and Dongguan Liaobushangdun Huada Furniture Factory.

      Ned H. Marshak, Bruce M. Mitchell, and Mark E. Pardo, Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP, of New York, NY, and Washington, DC, for consolidated plaintiff Nanhai Baiyi Woodwork Co., Ltd.

      Lizbeth R. Levinson and Ronald M. Wisla, Kutak Rock LLP, of Washington, DC, for consolidated plaintiff Dalian Huafeng Furniture Group Co., Ltd.

      Carrie A. Dunsmore, Joshua E. Kurland, and Stephen C. Tosini, Trial Attorneys, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. Of counsel were Shana A. Hofstetter and Justin R. Becker, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

      J. Michael Taylor, Daniel L. Schneiderman, Joseph W. Dorn, Mark T. Wasden, and Prentiss L. Smith, King & Spalding, LLP, of Washington, DC, for defendant-intervenors.

      Restani, Judge: This matter is before the court following a remand to the Department of Commerce ("Commerce") ordered after the Court of Appeals for the Federal Circuit ("CAFC") issued its mandate in Home Meridian International, Inc. v. United States, 772 F.3d 1289 (Fed. Cir. 2014). The CAFC vacated Commerce's remand results filed pursuant to the Court of International Trade's ("CIT") decision in Home Meridian International, Inc. v. United States, 922 F. Supp. 2d 1366 (CIT 2013) ("Home Meridian II"), and directed the CIT to reinstate Commerce's valuation in the Final Results of Redetermination Pursuant to Court Order, ECF No. 96 ("First Remand Results"). Because at least one issue decided after the First Remand Results was not appealed, the court inquired of the parties as to the proper procedure to implement the CAFC's ruling. The parties determined that a remand was warranted in order to comply with the spirit of the CAFC's mandate while maintaining the determinations sustained by the CIT on the issue not appealed to the CAFC. The court thus ordered the parties to determine which aspects of the Final Results of Second Redetermination Pursuant to Court Order, ECF No. 130 (sustained in Home Meridian II), continued to be valid in the light of the CAFC's decision.

Consol. Court No. 11-00325                                                                                       Page 3

Commerce issued the remand results now before the court in accordance with that order.  Final Results of Third Redetermination Pursuant to Court Order, ECF No. 157 ("<u>Third Remand Results</u>").  No party objects to the procedure utilized to comply with the CAFC's mandate, and no objections have been raised as to the substance of the <u>Third Remand Results</u>.  Accordingly, as Commerce properly complied with both the CAFC decision as well as the court's order regarding any issue not appealed, the <u>Third Remand Results</u> are sustained.  Judgment will issue accordingly.

                                                 /s/ Jane A. Restani
                                                   Jane A. Restani
                                                           Judge

Dated: April 21, 2015
       New York, New York